## CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

John Joseph Hoffman

January 14, 2003

Case Nos. CR02001005 and CR02001043

BY JUDGE CLIFFORD R. WECKSTEIN

Having considered further the evidence and arguments presented on January 3, 2003, the court will deny the motion to suppress the defendant's statements, preserving the defendant's objections to that ruling.

The defendant was arrested in the City of Roanoke. Police officers from Roanoke County and Roanoke City thereafter determined, in consultation with the Commonwealth's Attorneys of those jurisdictions, that any prosecution should be brought in Roanoke County. The defendant had by that point been arraigned in Roanoke City and had asked for the appointment of counsel. A lawyer, Senior Assistant Public Defender Roger Dalton, had been appointed to represent him on the Roanoke City charges. Thereafter, he was brought from the Roanoke City Jail to a courtroom in which the Commonwealth's Attorney of the City of Roanoke made a *nolle prosequi* motion, which was granted. He was then taken through the holding cell back to the Roanoke City Jail, where he was discharged into the custody of a Roanoke County detective, who served him with warrants charging the same offenses. The Commonwealth stipulates that the defendant was at all relevant times continuously in custody for the same offenses. I will assume without deciding that, since the defendant was at all relevant times continuously in custody for the same offenses, the principles of *Edwards v. Arizona*, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d

378 (1981), apply, notwithstanding *United States v. Montgomery*, 262 F.3d 233 (4th Cir. 2001), upon which the Commonwealth relies. In *Edwards*, the Supreme Court held that:

> when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Id.*, 452 U.S. at 484-85. Explaining this rule, the Court noted that:

> If, as frequently would occur in the course of a meeting initiated by the accused, the conversation is not wholly one-sided, it is likely that the officers will say or do something that clearly would be "interrogation." In that event, the question would be whether a valid waiver of the right to counsel and the right to silence had occurred, that is, whether the purported waiver was knowing and intelligent and found to be so under the totality of the circumstances, including the necessary fact that the accused, not the police, reopened the dialogue with the authorities.

*Id.*, n. 9, at 486. I find as a matter of fact that the accused, not the police, reopened the dialogue with the authorities. I credit the detective's testimony that the defendant's desire to talk was so great that it was only with difficulty that the detective interrupted the defendant to advise him of his *Miranda* rights. Although the Roanoke County Police Department initiated contact with the defendant by serving a warrant and assuming his custody, the defendant himself was the person who initiated the communication, exchange, or conversation that resulted in administration of the *Miranda* warnings. He was not advised of his rights because the police initiated further interrogation. He was advised of his rights because a police officer, faced with an in-custody suspect with a burning desire to talk, scrupulously assured that the suspect understood the legal consequences of speaking with

the detective. I find that the defendant's waiver was knowing and intelligent, free and voluntary.